**SIGNED THIS: July 25, 2013**

_____
**Gerald D. Fines
United States Bankruptcy Judge**

_____

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS

| | |
|---|---|
| IN RE: | ) |
| | ) |
| STEVEN ELLIOTT HERMER and | ) Bankruptcy Case No. 12-91640 |
| JUDY ELAINE HERMER, | ) |
| | ) |
| Debtors. | ) |

OPINION

This matter having come before the Court for confirmation of the Debtors' Amended Chapter 13 Plan, Objection to Amended Chapter 13 Plan filed by the University of Illinois Employees Credit Union, and Trustee's Report Not Recommending Confirmation of the Amended Chapter 13 Plan; the Court, having reviewed the written memoranda of law submitted by the parties, and being otherwise fully advised in the premises, makes the following findings of fact and conclusions of law pursuant to Rule 7052 of the Federal Rules of Bankruptcy Procedure.

Findings of Fact

The material facts in this matter are not in dispute and are, in pertinent part, as follows:

1. The Debtors filed for relief under Chapter 13 of the Bankruptcy Code on November 8, 2012.

2. On December 11, 2012, Creditor, University of Illinois Employees Credit Union, filed an Objection to confirmation of the Debtors' Chapter 13 Plan which resulted in the Debtors' filing an Amended Chapter 13 Plan on April 9, 2013.

3. On May 1, 2013, Creditor, University of Illinois Employees Credit Union, filed an Objection to Amended Chapter 13 Plan, and a hearing was held on June 25, 2013, at which time the parties were given an opportunity to brief their positions. Under the Debtors' Amended Chapter 13 Plan, the Debtors proposed to treat the University of Illinois Employees Credit Union as a fully secured creditor on their 2007 Harley-Davidson motorcycle, their 2003 Harley-Davidson motorcycle, the credit card debt in the amount of $6,060.15, and their 2011 Ford Escape. All these debts are to be paid the full balance due with interest at the rate of 5.25% per annum. The University of Illinois Employees Credit Union accepts the treatment of the secured claims as proposed by the Debtors.

4. Under their Amended Chapter 13 Plan, the Debtors seek to treat the credit card in the name of Judy E. Hermer, with a debt in the amount of $11,697.98, as fully unsecured; a Christmas loan debt in the amount of $1,313.64, as fully unsecured; and an overdraft line of credit in the amount of $429.33, as unsecured. Creditor, University of Illinois Employees Credit Union, objects to the treatment of these debts as unsecured arguing that, pursuant to the loan agreements, all of the Debtors' debts are cross-collateralized against the Debtors' share accounts with the University of Illinois Employees Credit Union, and, as such, all debts should be treated as fully secured.

Conclusions of Law

The parties are in agreement as to the applicable provisions of the Bankruptcy Code which govern the issues before the Court in this matter.

Title 11 U.S.C. § 506(a)(1) states:

> (a) (1) An allowed claim of a creditor secured by a lien on property in which the estate has an interest, or that is subject to setoff under section 553 of this title, is a secured claim to the extent of the value of such creditor's interest in the estate's interest in such property, or to the extent of the amount subject to setoff, as the case may be, and is an unsecured claim to the extent that the value of such creditor's interest or the amount so subject to setoff is less than the amount of such allowed claim. Such value shall be determined in light of the purpose of the valuation and of the proposed disposition or use of such property, and in conjunction with any hearing on such disposition or use or on a plan affecting such creditor's interest.

In interpreting 11 U.S.C. § 506(a)(1), the United States Supreme Court has stated:

> Subsection (a) of section 506 provides that a claim is secured only to the extent of the value of the property on which the lien is fixed; the remainder of that claim is considered unsecured. U.S. v. Ron Pair Enterprises, Inc., 489 U.S. 235, 239 (1989).

In Chapter 13 proceedings, § 506 of the Bankruptcy Code is to be read in conjunction with 11 U.S.C. § 1322(b)(2), which states:

> § 1322.   **Contents of plan** . . .
>
> (b) Subject to subsections (a) and (c) of this section, the plan may-- . . .
>
> (2) modify the rights of holders of secured claims, other than a claim secured only by a security interest in real property that is the debtor's principal residence, or of holders of unsecured claims, or leave unaffected the rights of holders of any class of claims;

In interpreting 11 U.S.C. § 1322(b)(2), the United States Supreme Court has stated:

> Chapter 13 expressly authorizes a bankruptcy court to modify the rights of any creditor whose claim is secured by an interest in anything other than "real property that is the debtor's principal residence." 11 U.S.C. 1322(b)(2). Thus in cases like this involving secured interests in personal property, the court's authority to modify the number, timing, or amount of the installment payments from those set forth in the debtor's original contract is perfectly clear. Till v. SCS Credit Corp., 541 U.S. 465, 474-5 (2004).

Applying 11 U.S.C. § 506(a)(2) and 11 U.S.C. § 1322(b)(2) to the facts of the instant case, leave the Court to conclude that the Debtors' Amended Chapter 13 Plan can be confirmed. Creditor, University of Illinois Employees Credit Union, has not objected to the valuations that the Debtors have placed upon their two motorcycles and their 2011 Ford Escape vehicle, and it

is apparent in the Debtors' Amended Chapter 13 Plan that the value of these vehicles will be paid to the University of Illinois Employees Credit Union, together with 5.25% per annum. A review of the Debtors' bankruptcy schedules clearly indicates that the University of Illinois Employees Credit Union is fully secured in the Debtors' vehicles and is cross-collateralized against the Debtors' share accounts at the University of Illinois Employees Credit Union; however, there was no money in any of the Debtors' share accounts with the University of Illinois Employees Credit Union at the time that they filed for relief under Chapter 13 of the Bankruptcy Code. This being the case, the Court finds that the Debtors' treatment of the University of Illinois Employees Credit Union in their Amended Chapter 13 Plan fully satisfies the provisions of 11 U.S.C. § 506(a)(1) and 11 U.S.C. § 1322(b)(2).

      The Debtors are paying the full value of the University of Illinois Employees Credit Union's collateral plus interest; thus, their Amended Chapter 13 Plan is confirmable under the provisions of 11 U.S.C. § 1325.

***